UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STANLEY R. CHESLER
JUDGE

SENATOR FRANK R. LAUTENBERG BUILDING
UNITED STATES COURTHOUSE AND POST OFFICE
NEWARK, N.J. 07101-0999
(973) 645-3136

**LETTER OPINION AND ORDER**

November 6, 2020

Raquel Romero, Esq.
Law Office of Raquel Romero
11 Sayre Street
Elizabeth, New Jersey 07207

Weston J. Kulick, Esq.
Francis James Leddy, III, Esq.
Cipriani & Werner, P.C.
485 Route 1 South, Building E, Suite 120
Iselin, New Jersey 08830

      Re:    **Nobuyo Sekiguchi v. Yamato Transport USA, et al.**
              **Civil Action No. 20-13862**

Dear Counsel:

The Court has received Plaintiff's Motion to Remand dated October 22, 2020 (Docket Entry No. 3), which was comprised of a certification by Plaintiff's counsel, as opposed to a brief. This motion is presently inadequate for two reasons. First, Plaintiff failed to comply with the requirements of L. Civ. R. 7.2(a), which states: "Affidavits, declarations, certifications . . . shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents." As such, because Plaintiff's Certification of Counsel contains legal arguments, it does not conform with L. Civ. R. 7.2(a). Second, Plaintiff's argument that his motion should be granted because his proposed Amended Complaint would disturb diversity jurisdiction is flawed. While Plaintiff attempted to file his Amended Complaint in state court, this cannot be done as it is well-settled that once an application for removal is filed, the state court no longer retains jurisdiction over the case. See 28 U.S.C. § 1446(d) (stating that once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded."); Kern v. Huidekoper, 103 U.S. 485, 493 (1880) ("After filing in the [federal court a notice of removal,] . . . the [state court] los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void."). Further, at this time, Plaintiff has not filed the proposed Amended Complaint with this Court. Therefore, because the Amended Complaint cannot be filed in state court, and has not been filed in this Court, it cannot be relied

1

upon as the sole basis for Plaintiff's motion to remand. As such, it is hereby **ORDERED** that Plaintiff's Motion to Remand (Docket Entry No. 3) is **DISMISSED** without prejudice.

The Court has also received Defendant Yamato Transport's November 2, 2020 response to the Court's Order to Show Cause (Docket Entry No. 5). Based on the information provided in Defendant's response to the Order to Show Cause, the Court currently remains unsatisfied that federal subject matter jurisdiction exists under 28 U.S.C. § 1332. To assert diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs, and there must be complete diversity. For complete diversity to exist under 28. U.S.C. § 1332(a)(2), where one of the parties is a foreign citizen or subject, no plaintiff may be a citizen of the same state or states as any defendant, *and* there may not be a foreign citizen or subject on both sides of the litigation. See 28 U.S.C. § 1332(a)(2); Singh v. Daimler-Benz AG, 9 F.3d 303, 305 (3d Cir. 1993) (explaining that the requirement of complete diversity is not met when "an alien [is] one of several plaintiffs suing an alien defendant"); Field v. Volkswagenwerk AG, 626 F.2d 293, 296 (3d Cir. 1980) (finding that the requirement of complete diversity pertains to suits between foreign citizens, and that, as applied, it denies jurisdiction "in an action by an alien against citizens of a state and another alien"). Here, the Complaint alleges that Plaintiff is a resident of Japan. As such, for complete diversity to exist, Defendant Yamato Transport must allege that none of the defendants are also a foreign citizen or subject. While Defendant Yamato Transport has alleged that it is a citizen of New York and California, it has failed to properly allege the citizenship of Defendant Richard Branca Family LP. Under Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Third Circuit explained that, for the purposes of diversity jurisdiction, the citizenship of a partnership includes the citizenship of all its partners. Thus, to properly plead diversity jurisdiction, Defendant must allege that none of the partners of Defendant Richard Branca Family LP are foreign citizens or subjects. Defendant is hereby notified that it has until **November 20, 2020** to cure this deficiency by filing a response to the Court's present letter with the requisite information. It is hereby **ORDERED** that if such response fails to cure the deficiency, the case is to be remanded to state court.

Very truly yours,

   s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge


cc:    Clerk
        All parties